FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAR 14  P 3: 24

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### Southern Division

CRYSTAL A. COMBS,    &ast;

  Plaintiff,    &ast;

&ast;

v.    &ast;      **Case No.: GJH-15-846**

&ast;

SHAPIRO & BURSON LLP, *et al.*,    &ast;

&ast;

  Defendants.    &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

### MEMORANDUM OPINION

In this action, pro se Plaintiff Crystal A. Combs alleges that Defendants Shapiro & Burson LLP ("Shapiro"), Specialized Loan Servicing LLC, Branch Banking & Trust ("BB&T"), Morgan Stanley Capital Holdings LLC ("Morgan Stanley"), and Kristine D. Brown, individually and as substitute trustee (collectively, "Defendants") violated various federal laws in connection with the state-court foreclosure proceedings respecting certain real property owned by Plaintiff. ECF No. 1. Defendants have moved to dismiss Plaintiff's Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, or, in the alternative, for dismissal pursuant to Rules 12(b)(2), (4), and (5). ECF No. 4. Plaintiff opposes Defendants' Motion, and she has also filed her own "Motion to Remove the Foreclosure Case" from state court to this Court. ECF No. 8. Upon the filing of Plaintiff's Motion, William M. Savage, the substitute trustee and plaintiff in the foreclosure action ("Substitute Trustee"), appeared specially to file a Motion to Remand the foreclosure action to state court, which Plaintiff has opposed. ECF Nos. 10 & 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.).  For the following reasons, Defendants' Motion to Dismiss is granted, Plaintiff's Motion is denied, and the Substitute Trustee's Motion is granted.

## I.    BACKGROUND

In this action, Plaintiff alleges that Defendants engaged in fraud in a state foreclosure action respecting certain real property located at 9904 Doubletree Lane, Upper Marlboro, MD 20774. *See* ECF No. 1 at ¶¶ 6, 10–11. The foreclosure action was initiated on June 29, 2010 in the Circuit Court for Prince George's County, Maryland ("Maryland Circuit Court"). *See* ECF No. 8 at ¶ 1; *Burson, et al. v. Combs*, No. CAE10-20522 (P.G. Cnty. Cir. Ct. June 29, 2010). Although the factual allegations in the Complaint are somewhat murky, Plaintiff appears to challenge Shapiro's assignment of her mortgage and deed of trust to BB&T, while, she alleges, Morgan Stanley actually owned the loan. ECF No. 1 at ¶ 44. According to Plaintiff, after she confronted Defendants with evidence of fraud, they failed to voluntarily dismiss the foreclosure action, and she was "forced to file for bankruptcy." *Id.* at ¶ 10. Apparently, Plaintiff filed for bankruptcy twice while the foreclosure action was pending, *see id.* at ¶ 21, slowing resolution of the foreclosure proceedings.

Plaintiff initiated this action—separate from the still-pending foreclosure proceedings— by filing her Complaint in this Court on March 23, 2015. ECF No. 1. When Plaintiff failed to submit summonses for the Clerk to seal and sign, the Court issued an Order on April 2, 2015, directing Plaintiff to provide a properly executed summons for each Defendant to the Clerk of the Court. ECF No. 2. In that Order, the Court explained that, because Plaintiff paid the filing fee in this case, she bore responsibility for effecting service of process on Defendants. *Id.* The Court also explained the procedure that Plaintiff must follow to properly serve the Defendants, noting that the person effecting service must notify the Clerk of the Court, through an affidavit, once service has been completed, that service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h), and that, if, in lieu of using a private process server,

Plaintiff chose to serve Defendants by mail, the registered or certified mail must be sent "restricted delivery." Finally, the Court "cautioned that failure to comply with [the Court's] Order and effect service of process within 120 days of initiating this lawsuit could result in the dismissal of the Complaint without prejudice." *Id.*

On July 21, 2015, Plaintiff filed an "Affidavit Affirming Service of Court Summons & Complaint to the Defendants." ECF No. 3. But that service omitted proper summonses. Indeed, it appears that, as of that date, Plaintiff had not yet submitted any summonses to the Clerk of the Court for seal and signature. Lacking proper service, on August 3, 2015, Defendants appeared specially seeking dismissal of this action for failure to properly effectuate service. ECF No. 4. After Defendants filed their Motion, on August 7, 2015, Plaintiff filed a request for the Court to issue summonses as to each Defendant, to which she attached the necessary completed summonses. ECF No. 7. She provided no explanation regarding why she had not sooner submitted completed summonses in accordance with the Court's Order issued four months prior. *See id.* The Clerk issued summonses for each Defendant on August 14, 2015. ECF No. 9. Plaintiff then filed a response in opposition to Defendants' Motion to Dismiss on September 14, 2015. ECF No. 13. At that point, proof of service had still not been shown, but Plaintiff argued in opposition to Defendants' Motion:

> The failure to properly serve Defendants was remedied by the Court reissuing the Summons with the Clerk's seal and Plaintiff has now properly served Defendants. The mistake was inadvertent and obviously the Defendants received service, they just complain that the summons[es] were defective. At this point, Plaintiff believes it is a moot point as the Court decided to issue new summons[es] with the seal.

ECF No. 13 at ¶ 1.

Defendants filed their Reply in support of their Motion to Dismiss on October 1, 2015, in which they noted that the Court never extended the period for Plaintiff to effectuate service and

that Plaintiff made no argument respecting whether she had good cause for the delay. ECF No.

14 at 2. That same day, Plaintiff filed an affidavit indicating that Defendants had been served by

her mailing of a summons and a copy of the Complaint to each Defendant via U.S. Postal

Service "as priority express mail," on September 10, 2015. *See* ECF No. 15. The exhibits

attached to that affidavit indicate, however, that none of those mailings were made via certified

mail, restricted delivery. *See* Md. Rules 2-121(a) (providing that service of process may be made

within the state of Maryland "by mailing to the person to be served a copy of the summons,

complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--

show to whom, date, address of delivery.'"). Then, on October 15, 2015, Plaintiff filed an

affidavit of proof of service indicating that Brown was personally served by a private process

server on October 2, 2015. ECF No. 18. And, finally, on January 11, 2016, an affidavit of service

was filed by Plaintiff indicating that Morgan Stanley had received service on November 19, 2015

through the Maryland Department of Assessments and Taxation.[1] ECF No. 22.

While these issues related to service of process were ongoing, Plaintiff filed a "Motion to

Remove the Foreclosure Case" from state court to this Court on August 12, 2015, more than five

years after that suit was initiated in state court. ECF No. 8. In her Motion, Plaintiff indicated that

a "Notice of Removal [was] properly filed under Court Case CAE10-20522 with the Circuit

Court for Prince George's County, Maryland" and that it was served on "Kristine D. Brown, the

Plaintiff and Substitute Trustee on file." *Id.* at ¶ 3. On August 17, 2015, the Substitute Trustee

filed his Motion to Remand the foreclosure action to state court, ECF No. 10, which Plaintiff

opposed on September 2, 2015, ECF No. 12.

---

[1] *See* Md. Rules 2-124(o) ("Service may be made upon a corporation, limited partnership, limited liability partnership, limited liability company, or other entity required by statute of this State to have a resident agent by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed.").

## II.   MOTION FOR REMOVAL AND MOTION TO REMAND

Although not chronological, the Court will first address Plaintiff's "Motion to Remove" the foreclosure action and the Substitute Trustee's Motion to Remand.  Plaintiff argues that removal of the state court foreclosure action is proper on the basis of diversity jurisdiction. ECF No. 8 at ¶¶ 4–7. She also contends, however, that she filed certain federal counterclaims in the foreclosure action which "overlap" with the claims she raised in the Complaint filed in this Court, and that "judicial economy would be best served by combining these cases . . . ." *Id.* at ¶¶ 9–10. The Substitute Trustee argues, however, that removal was procedurally improper, and that, in any event, removal cannot be based on federal counterclaims. *See* ECF No. 10-1.

In order to remove a state court action to federal court, a defendant must "file in the district court of the United States for the district and division within which [the state court] action is pending a notice of removal . . .  containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days of the defendant's receipt of service of the initial pleading, or within 30 days of receipt of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." §§ 1446(b)(1), (3). Removal may only be made with respect to cases "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal on the basis of diversity jurisdiction must occur within one year of the commencement of the action in state court, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C.

5

§ 1447(c). "On a motion to remand, the court must 'strictly construe the removal statute and

resolve all doubts in favor of remanding the case to state court,' indicative of the reluctance of

federal courts 'to interfere with matters properly before a state court.'" *Ali v. Giant Food*

*LLC/Stop & Shop Supermarket Co., LLC*, 595 F. Supp. 2d 618, 620 (D. Md. 2009) (quoting

*Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701–02 (D. Md. 1997)). It is well-settled that

the removing party "bears the burden of proving that removal was proper." *Marchese v.*

*JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 459 (D. Md. 2013) (citations omitted).

Here, Plaintiff's "Motion to Remove" the state foreclosure action is procedurally

improper. Rather than filing a notice of removal with this Court, as is required by 28 U.S.C. §

1446(a), Plaintiff filed the notice of removal in the state foreclosure action. *See Burson, et al. v.*

*Combs*, No. CAE10-20522 (P.G. Cnty. Cir. Ct. August 6, 2010). It appears that Plaintiff hoped to

remove the foreclosure action to this Court and consolidate that action with the Complaint she

originally filed in this action. *See* ECF No. 8 at ¶¶ 9–10. But because she failed to follow the

proper procedures to do so, her "Motion to Remove" must be denied.

It appears, however, that, upon Plaintiff's filing of the notice of removal in the state

foreclosure action, the Maryland Circuit Court disposed of the case as having been properly

removed to federal court. *See Burson, et al. v. Combs*, No. CAE10-20522 (P.G. Cnty. Cir. Ct.

August 6, 2010). The Court must accordingly remand the foreclosure action to state court. Even

if Plaintiff's notice of removal was procedurally proper, removal would not be permitted in this

case where it occurred over five years after the foreclosure action was initiated. If Plaintiff

wanted to remove that action, she was required to do so within 30 days of her receipt of service

of the initial pleading, or within 30 days of receipt of an amended pleading that first made

removal possible. §§ 1446(b)(1), (3). In her "Motion to Remove," Plaintiff argues that removal is

proper on the basis of diversity jurisdiction, *see* ECF No. 8 at ¶¶ 4–7, but she did not contend that any non-diverse party was recently dismissed from the foreclosure action such that removal only recently became available to her. And, in any event, removal on the basis of diversity jurisdiction cannot occur more than one year from the date of the commencement of the action in state court, unless there is a finding of "bad faith" that prevented her from earlier removing the action. § 1446(c)(1). Plaintiff has not argued that is the case here.[2] Finally, although she also appears to suggest that removal is proper as an exercise of federal question jurisdiction because she has filed federal counterclaims in the foreclosure action, *see* ECF No. 8 at ¶¶ 9–10, it is well-established that "[a] federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds." *Wittstadt v. Reyes*, 113 F. Supp. 3d 804, 806 (D. Md. 2015). Thus, because removal of the state foreclosure action was improper, the Substitute Trustee's Motion to Remand must be granted.

## III.   MOTION TO DISMISS

Although an order remanding a case to state court would ordinarily end the Court's inquiry, because there was an independent action initiated by the filing of Plaintiff's Complaint, the Court must also address Defendants' Motion to Dismiss the action originally filed in this Court. Rule 4(m) requires a plaintiff to serve a defendant within 120 days of the filing of a complaint. If a plaintiff fails to abide by this requirement, Rule 4(m) provides that, upon a motion by the defendant, or on its own after providing the plaintiff with notice, the Court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the

---

[2] Although in her Motion, Plaintiff alleges that the parties involved in the foreclosure action engaged in "bad faith in the prosecution of the foreclosure action," that allegation was with respect to the alleged "active[] conceal[ment] [of] the ownership of the debt obligation." ECF No. 8 at ¶ 11. She has not argued that there has been any bad faith attempt to avoid removal of the foreclosure action for the five years that it has been pending.

time for service for an appropriate period." Fed. R. Civ. P. 4(m). As Rule 4(m) has been

interpreted in this Circuit, "[a] plaintiff may escape dismissal for failure to timely serve process

only if she demonstrates 'good cause' for the delay." *Martinez v. United States*, 578 F. App'x

192, 193 (4th Cir. 2014) (quoting Fed. R. Civ. P. 4(m)). Thus, absent a showing of good cause,

the complaint must be dismissed; "[t]he Court has no discretion to salvage the action."

*Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995) (citation omitted); *see

also Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is

not served within 120 days after it is filed, the complaint must be dismissed absent a showing of

good cause."). Although dismissal pursuant to Rule 4(m) is without prejudice, that dismissal

"does not . . . give the [plaintiff] a right to refile without the consequence of time defenses, such

as the statute of limitations." *Mendez*, 45 F.3d at 78.[3]

Good cause may be established in a number of ways. "Good cause might be found, for

instance, where a defendant is evading service, court staff misdirected a pro se plaintiff as to the

appropriate procedure, or a plaintiff was unaware of the defect in service until after the deadline

had passed." *Tenenbaum v. PNC Bank Nat. Ass'n*, No. CIV. A. DKC 10-2215, 2011 WL

2038550, at *4 (D. Md. May 24, 2011) (citing *Hoffman v. Baltimore Police Dep't*, 379

F.Supp.2d 778, 786 (D. Md. 2005); 4B Charles Alan Wright & Arthur Miller, *Federal Practice

and Procedure* § 1137 (3rd ed. 2010 supp.)). "The common thread amongst all of these examples

is that the interference of some outside factor prevented the otherwise-diligent plaintiff from

---

[3] The Court recognizes that there is some debate within this district regarding whether *Mendez* remains good law. *See, e.g., Malibu Media, LLC, v. Doe*, No. CIV.A. ELH-14-1229, 2014 WL 5843363, at *3 (D. Md. Nov. 10, 2014) (citing cases and explaining that subsequent decisions have called *Mendez* into doubt). Nevertheless, even if the Court had discretion to grant an extension of time for service of process absent good cause, "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005); *see also Tenenbaum*, 2011 WL 2038550, at *6 ("The mere fact that a court *can* extend the period [for service beyond the 120-day limit] does not mean it *should*." (emphasis in original)). Here, there would be no "reasoned basis" for the Court to excuse Plaintiff's untimely service.

complying with the rule." *Id.* (citing *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F.

Supp. 2d 432, 439 n.9 (D. Md. 2001)). "[I]nadvertence or neglect of counsel," however, will not

suffice to satisfy the standard of "good cause." *Braithwaite*, 160 F.R.D. at 77.

Here, less than two weeks after Plaintiff filed her Complaint, the Court issued an Order

explaining how Plaintiff must proceed with serving Defendants. Despite notifying Plaintiff that

she must provide properly executed summons for each Defendant to the Clerk for signature and

seal, Plaintiff instead, over three months later, "affirm[ed]" that Defendants had be served,

notwithstanding that she had yet to file any summonses with the Clerk. *See* ECF No. 3. To date,

it seems that the only Defendants to have been properly served were Brown and Morgan Stanley,

although in both cases, service was untimely, occurring nearly five or six months after the

Court's order directing Plaintiff how she should proceed. *See* ECF Nos. 18 & 22. Plaintiff has

yet to provide any argument indicating that there was "good cause" for her failure to timely serve

Defendants. Rather, in her response in opposition to Defendants' Motion to Dismiss, she argued

only that her failure to properly serve Defendants was a "moot point" because "the Court decided

to issue new summons with the seal." ECF No. 13 at ¶ 1. In light of the Court's clear instructions

to Plaintiff regarding how she must proceed with serving Defendants, Plaintiff's argument that

her mistake was "inadvertent," without more, is insufficient to establish good cause to extend the

deadline for service. Thus, this action must be dismissed without prejudice pursuant to Rule

4(m).[4]

---

[4] In light of this conclusion, the Court need not consider Defendants' alternative arguments for dismissal pursuant to Rules 12(b)(2), (4), and (5), which largely repeat their arguments respecting dismissal under Rule 4(m).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remove the Foreclosure Case, ECF No. 8, is **DENIED**, and the Substitute Trustee's Motion to Remand, ECF No. 10, is **GRANTED**. Defendants' Motion to Dismiss, ECF No. 4, is **GRANTED** and this action is **DISMISSED** without prejudice. A separate Order follows.

Dated: March 14th, 2016

GEORGE J. HAZEL
United States District Judge